IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 06-cv-02154-RPM

BRADLEY J. KRONEBERGER,

        Petitioner,

v.

MORGAN STANLEY DW, INC.,

        Respondent.
_____

ORDER DENYING MOTION TO VACATE ARBITRATION AWARD AND FOR ENTRY
OF JUDGMENT THEREON
_____

On September 29, 2006, Bradley J. Kroneberger filed a Motion to Vacate Arbitration Award in the District Court, City and County of Denver, Colorado, seeking to vacate a September 1, 2006, award by an arbitration panel appointed by NASD Dispute Resolution, Inc., ("NASD") pursuant to the NASD Code of Arbitration Procedure. That award was in favor of Morgan Stanley DW, Inc., on its claims for collection of the amounts due on two promissory notes evidencing loans from Morgan Stanley to Bradley J. Kroneberger when he was employed as an Account Executive in Fort Collins, Colorado, as an associated person of an NASD member.

The claims made in the motion as filed in the State court are that the arbitration panel consisted of three industry arbitrators, contrary to Rule 10202 and Rule 10308 of the code; that the arbitrators failed to grant a request for postponement of the hearing after Mr. Kroneberger's attorney withdrew on July 21, 2006, the same date on which the panel also allowed Morgan Stanley to file an amended statement of claim to add the second note to the original claim; that the panel conducted the proceeding in a manner

extremely prejudicial to the rights of the movant and that the arbitration proceeding was fundamentally unfair. Various provisions of the Colorado version of the Uniform Arbitration Act are cited in support of these claims. C.R.S. 13-022-201, *et seq.*

Morgan Stanley removed the motion to this court by Notice of Removal, filed October 26, 2006, based on diversity jurisdiction under 28 U.S.C. § 1332. Morgan Stanley on that same date filed its response in opposition to the motion and a cross-motion to confirm the arbitration award and enter judgment in its favor. Petitioner filed his reply in support of the motion to vacate and in opposition to the cross-motion to confirm on November 15, 2006, and the respondent replied on December 4, 2006.

Morgan Stanley asserts and the petitioner concedes that this matter is governed by the Federal Arbitration Act, and particularly 9 U.S.C. § 10(a)(3) and (4). The Court has reviewed these pleadings and the pertinent portions of the arbitration record that have been submitted by the parties. The arbitration hearing was conducted on August 15, 2006, and the petitioner appeared and participated without counsel. He had previously been represented by an attorney, Charles Torres, and an "Initial Pre-Hearing Conference" was held on December 20, 2005, by Larry B. Hayden resulting in the entry of a scheduling order. The conference was a telephonic conference with Mr. Torres as counsel for Mr. Kroneberger. The identity of the three members of the counsel was disclosed and the panel's composition was accepted by Mr. Torres. Exhibit D to respondent's response.

By letter dated July 27, 2006, Mr. Kroneberger requested that the August 15, 2006, hearing be extended to October 15, 2006, because Mr. Torres had resigned. That request was considered in a teleconference on August 3, 2006, resulting in a

ruling, Exhibit E to the motion. During the hearing on August 15, 2006, the chairperson informed Mr. Kroneberger that the panel consisted of three "non-public" arbitrators and Mr. Kroneberger made no objection. The petitioner relies on Rule 10308 of the NASD code that two of the arbitrators must be public when the claim is more than $50,000. Rule 10202 provides that disputes concerning employment contracts, promissory notes or receipt of commission shall involve three industry panelists. The panel concluded that there should have been two public panelists at the hearing because the petitioner's asserted counterclaims were breach of contract, unjust enrichment, misrepresentation and promissory estoppel. Those claims were denied by the panel.

Despite all of the conclusory allegations made by the petitioner concerning the unfairness of the arbitration proceedings, he has failed to show that he had any defense to the claims for collection of the two promissory notes and has therefore failed to demonstrate any prejudice from the conduct of the arbitration proceeding.

In the cross-motion for entry of judgment on the arbitration award, Morgan Stanley asks for an award of attorneys' fees and costs incurred in this proceeding in addition to the fees and costs awarded by the arbitrators in the arbitration proceeding. In support of that contention, Morgan Stanley cites to the Colorado statute, contrary to its assertion in these proceedings that the Federal Arbitration Act is the applicable statute. It also cites provisions in the notes themselves. The Colorado statute is not applicable and the provisions of the notes are merged into the arbitration award. Accordingly, attorneys' fees are not authorized.

Based upon the foregoing, it is

ORDERED that the petitioner's motion to vacate the arbitration award is denied

and it is

FURTHER ORDERED that judgment shall enter on the arbitration award, granting judgment for Morgan Stanley DW, Inc., for the recovery from Bradley J. Kroneberger the amount of $444,461.82 with interest at the statutory rate for federal judgments.

DATED:   December 5th , 2006

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge